**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2342
_____

JONATHAN S. EHRLICH,
Appellant

v.

CARMEN H. ALVAREZ, in their individual and official capacity;
HON. MARY C. JACOBSON, in their individual and official capacity;
MICHAEL J. HOGAN, in their individual and official capacity;
MICHAEL J. KASSEL, in their individual and official capacity;
RICHARD J. STEIGER, in their individual and official capacity;
KAREN L. SUTER, in their individual and official capacity;
FRANCINE I. AXELRAD, in their individual and official capacity;
SUSAN F. MAVEN, in their individual and official capacity;
WILLIAM E. NUGENT, in their individual and official capacity;
RONALD E. BOOKBINDER, in their individual and official capacity;
DIANE GEROFSKY, in their individual and official capacity on behalf of Mercer
County NJ Surrogate's Court;
HARRY O'MALLEY, (Estate of), in their individual and official capacity;
GEORGE KOTCH, in their individual and official capacity on behalf of the
Burlington County Surrogate Court;
BONNIE NUTT MADERA, in their individual and official capacity;
STUART RABNER, in their individual and official capacity;
GLENN GRANT, in their individual and official capacity;
GURBIR S. GREWAL, in his official capacity New Jersey Attorney General;
JOHN A. TONELLI, individually and in his official capacity with the
Office of the New Jersey Advisory Committee on Judicial Conduct;
PHILIP D. MURPHY, in his official capacity as the Governor of New Jersey;
JOHN AND JANE DOES 1-30

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-20-cv-06398)
District Judge: Honorable Robert B. Kugler

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2022
Before:  MCKEE SHWARTZ, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 11, 2022)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Jonathan Ehrlich challenges the District Court's dismissal of his complaint brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

Ehrlich was the primary beneficiary of his late uncle Richard's large estate. Richard was a trusts and estates attorney. Upon his death, the only will discovered was a copy left unexecuted but bearing various indicia of its reliability. According to its terms, Ehrlich was named executor and bequeathed the bulk of the estate, with nominal bequests to Ehrlich's brother and sister. Ehrlich successfully sought to have this will admitted to probate, then prevailed when his siblings appealed that ruling. However, there was a dissent filed in the intermediate appellate court, entitling the siblings to an appeal as of right to the New Jersey Supreme Court. See <u>In re Ehrlich</u>, 47 A.3d 12, 20–25 (N.J. Super. Ct. App. Div. 2012) (Skillman, J., dissenting); <u>see also</u> N.J. R.A.R 2:2-1(a) ("Appeals may be taken to the Supreme Court from final judgments as of right . . . in cases where,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and with regard to those issues as to which, there is a dissent in the Appellate Division[.]"). Ehrlich settled before they took that appeal.

At the time of Richard's death, Dennis McInerney had been appointed trustee of Richard's law practice. During the contest over the will, McInerney accepted a simultaneous appointment as temporary administrator of Richard's estate. As that litigation was protracted, numerous decisions as to the distribution of property were made while McInerney served in those roles. When McInerney filed his preliminary accounting with the probate court, Ehrlich did not file objections, but thereafter grew increasingly frustrated with McInerney's performance. He moved to have McInerney removed as administrator on multiple occasions, with himself as the proposed replacement, then objected to the final accounting and the disbursement of funds to compensate McInerney for his service as trustee and administrator. Adverse rulings led to unsuccessful appeals, and eventually to lawsuits and disciplinary complaints alleging malpractice by McInerney and attorneys who had represented Ehrlich at various stages of the litigation. Ehrlich did not receive the relief he sought in any of these instances. See In re Estate of Ehrlich, No. A-2147-15T4, 2018 WL 2049232 (N.J. Super. Ct. App. Div. May 3, 2018); Begelman, Orlow & Melletz v. Ehrlich, No. A-2233-16T4, 2018 WL 2071124 (N.J. Super. Ct. App. Div. May 4, 2018), both cert. denied, 199 A.3d 1210 (N.J. 2019) (Table). Ehrlich then brought an unsuccessful suit in federal district court against McInerney for breach of fiduciary duty. See Ehrlich v. McInerney, No. 1-17-cv-879, 2017 WL 6371300 (D.N.J. Dec. 13, 2017).

Ehrlich then filed the instant suit against various state court judges and administrators, the New Jersey Attorney General, the Governor of New Jersey, and the Chief Justice of the New Jersey Supreme Court. His claim rested on 42 U.S.C. § 1983 and alleged that these defendants engaged in a vast, yearslong conspiracy to deny him due process rights under the Fifth and Fourteenth Amendments. On the defendants' motion, the District Court dismissed Ehrlich's complaint, holding that the majority of defendants enjoyed sovereign, judicial, or quasi-judicial immunity, and that Ehrlich had failed to state a claim against those defendants who were not immune from suit. Ehrlich timely appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] Our review of the District Court's order granting the defendants' motion to dismiss is plenary. See Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). A motion to dismiss for failure to state a claim may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility.[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56

---

[1] The District Court dismissed the bulk of Ehrlich's claims with prejudice, but the claims against the defendants who were not immune was without prejudice. See Order, ECF No. 23. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, such an order will be final and appealable if the plaintiff declares an intention to stand on the complaint. See id. at 952. Here, Ehrlich informed this Court that he intended to stand on his complaint as to the without-prejudice dismissals, see C.A.3 ECF No. 8, rendering the District Court's order final and appealable under § 1291.

[2] However, we need not accept any factual allegations that are belied by the plain text of the various judicial decisions and records of the proceedings about which Ehrlich

(2007). This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). We may affirm on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

At the outset, we discern no error in the District Court's analysis of the relevant immunities. Eleventh Amendment sovereign immunity clearly bars Ehrlich's claims for monetary damages against state agencies and defendants acting in their official capacities. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–02 (1984) (explaining that Eleventh Amendment immunity protects a state and its agencies from suit unless Congress has specifically abrogated the state's immunity, or the state has waived its immunity); Pa. Fed'n of Sportsmen's Clubs v. Hess, 297 F.3d 310, 323 (3d Cir. 2002); Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989).[3]

---

complains because, in addition to the four corners of the complaint and exhibits attached thereto, a motion to dismiss may be decided based on matters of public record and indisputably authentic documents that the plaintiff's claims rely upon. See Pension Ben. Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196–97 (3d Cir. 1993).

[3] Section 1983 does not abrogate New Jersey's immunity, see Quern v. Jordan, 440 U.S. 332, 340–41 (1979), and New Jersey has neither consented to suit nor waived its Eleventh Amendment immunity here.

The various courts, established by the New Jersey Constitution in a unified state-based court system, see N.J. Const. Arts. VI–VII, are also entitled to immunity under the Eleventh Amendment as "arms" of the state, see Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001) (analyzing the factors for "whether an entity is an arm of the state and, therefore, entitled to Eleventh Amendment immunity" and describing the "unification of the New Jersey court system"). Ehrlich also has not identified any "prospective, declaratory, or injunctive relief governing an officer's future conduct" that could bypass sovereign immunity under the legal fiction of Ex parte Young, 209 U.S. 123, 159–60 (1908). See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 506 (3d Cir. 2001). Rather, he seeks relief in the form of a decree "stating previous statements and rulings bear no resemblance to any verified facts of the case nor the truth," Am. Compl. 27, ¶ 1, which is undeniably retrospective, see Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (explaining that a litigant's request for relief is not prospective where "specific allegations target past conduct, and the . . . [litigant's requested] remedy is not intended to halt a present, continuing violation of federal law").

As to the claims against the judicial defendants in their individual capacities, the District Court did not err in finding that they are protected by absolute judicial immunity. In short, Ehrlich claims that many of these defendants were predisposed to rule in McInerney's favor because they are all friends or fellow judges, and their individual decisions therefore denied him due process. See, e.g., Am. Compl. 5–8, ¶¶ 27, 30, 38–46. The District Court determined that absolute judicial immunity barred these claims, and we agree. See Op. 13–16, ECF No. 22 (citing, inter alia, Stump v. Sparkman, 435 U.S.

6

349, 356–57 (1978) ("A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority . . . .")). The District Court found the appropriate place to "'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." Id. at 14 (quoting Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 769 (3d Cir. 2000)).

As to Ehrlich's claims that he was denied due process when the Administrator of the Court and the Director of the Office of the Advisory Committee on Judicial Conduct responded to his complaints about McInerney with findings of no misconduct, we agree with the District Court that these individuals enjoy quasi-judicial immunity for their discretionary functions. See Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (finding a similar claim against the same ACJC Director, John Tonelli, barred by quasi-judicial immunity).[4]

Additionally, as to the purported conspiracy among all (or some combination of) the named defendants, Ehrlich's amended complaint fails to state a claim for relief for the simple reason that he has not plausibly alleged a conspiracy. The crux of Ehrlich's grievance is that McInerney should not have served as trustee of Richard's law practice

---

[4] The District Court also dismissed Ehrlich's claims against the surrogates and deputy surrogates who do not enjoy quasi-judicial immunity in this instance, because the amended complaint contained only conclusory allegations against them that "fail[ed] to even raise the specter of a conspiracy." Op. 17. We agree and will affirm. As appellees point out, Ehrlich's mention of these defendants is fleeting at best, see Appellees' Br. 27–28, and none of his allegations plausibly state a claim for relief against them, so dismissal was proper under Fed. R. Civ. P. 12(b)(6).

or administrator of Richard's estate because he was a sitting municipal court judge at the time, which not only imparted the appearance of impropriety but made the defendants more likely to make decisions in McInerney's favor. He asserts that:

> It is the unbroken string of statements, decisions, opinions and actions; and complete and brazen disregard for law, facts, decency and common sense, all recorded in hundreds of thousands of pages of documents, that leads to only one conclusion. The conclusion is [the defendants] conspired and were predisposed to rule in whatever way protected . . . McInerney, his unchecked and egregious conduct, and the record being tailored in this pursuit. The breadth and depth and consistency of irrational behavior by defendants leaves no other possible explanation.

Am. Compl. 7, ¶ 38, ECF No. 8. At no point does Ehrlich even attempt to allege any agreement among the defendants to effectuate this conspiracy, and it is well settled that "the linchpin for conspiracy is agreement." Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir. 2010) (alteration, citation omitted). We have previously explained that to plead a "judicial conspiracy," a plaintiff must allege "some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. A conspiracy cannot be found from allegations of judicial error, ex parte communications . . .[,] or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." Capogrosso, 588 F.3d at 184–85 (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)). Though Ehrlich's amended complaint contains voluminous factual allegations, they do not give rise to a plausible inference of a conspiracy to deprive Ehrlich of his constitutional rights.

Accordingly, we will affirm the District Court's dismissal of Ehrlich's complaint.

8